**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7687**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN ALEXANDER SCOTT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:09-cr-00581-GLR-1)

Submitted:  August 2, 2021                     Decided:  August 18, 2021

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kevin Alexander Scott, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Alexander Scott appeals from the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In his motion, Scott raised several arguments, including that his serious medical conditions made him particularly vulnerable to COVID-19, that his post-sentencing rehabilitation established that release was appropriate, and that changes in relevant sentencing law justified his release. Using a § 3582(c)(1)(A) form order, the district court checked a box labeled "DENIED after complete review of the motion on the merits," and provided no other explanation for the denial. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

Under § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." The court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise" in deciding whether to grant a defendant-filed motion. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and emphasis omitted). The court must also consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." § 3582(c)(1)(A).

We review a district court's ruling on an § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158

(4th Cir. 2018) (internal quotation marks omitted). Additionally, while there is no "categorical . . . requirement" that a court explicitly address the movant's arguments or elucidate its reasoning, the court also errs if, in light of the particular circumstances of the case, its explanation is "[in]adequate to allow for meaningful appellate review." *United States v. High*, 997 F.3d 181, 187, 189 (4th Cir. 2021); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("Just how much of an explanation [is] require[d] . . . depends . . . upon the circumstances of the particular case."). The district court must "set forth enough to satisfy [this] court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *High*, 997 F.3d at 190 (alterations, internal quotation marks, and emphasis omitted).

Here, the district court's brief explanation does not reveal whether it considered Scott's numerous arguments, nor indicate the basis on which it rejected Scott's motion. With no indication as to the court's reasoning, we can only speculate as to whether the court properly applied the governing law or whether it abused its discretion by acting "arbitrarily or irrationally, fail[ing] to consider judicially recognized factors constraining its exercise of discretion, rel[ying] on erroneous factual or legal premises, or commit[ting] an error of law." *Dillard*, 891 F.3d at 158 (internal quotation marks omitted). We are therefore unable to conduct a "meaningful appellate review." *High*, 997 F.3d at 189; *see also United States v. Martin*, 916 F.3d 389, 398 (4th Cir. 2019).

We thus vacate the court's order, remand for further proceedings, and deny Scott's motion to appoint counsel. We express no view as to the merits of Scott's compassionate release motion. We dispense with oral argument because the facts and legal contentions

3

are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*